# STATE OF VERMONT

# ENVIRONMENTAL COURT

In re: Appeal of Max E.
Jewell and Judith Belyea

Town of Hartford,
Plaintiff,

v

}
}
}
}
}
}
}

Docket No. 30-2-96
Vtec

Max E. Jewell and Judith
Belyea,d/b/a Jewell
Transport and Evergreen
Recycling, Defendants.

## Decision and Order on Penalties, after remand

This matter originally involved the Appellant-Defendants= appeal of a
ZBA order upholding a Notice of Violation issued against them, as well
as the Town= s later-filed enforcement action against them. The
matter was decided by the Environmental Court, and appealed to the
Vermont Supreme Court, which concluded all the issues except for
remanding the determination of a penalty amount to the
Environmental Court.

A brief evidentiary hearing was held on the remanded issues in this
matter before Merideth Wright, Environmental Judge. Appellant-
Defendants Max Jewell and Judith Belyea are represented by Barry C.
Schuster, Esq.; the Town of Hartford is now represented by Kimberlee
J. Sturtevant, Esq. Upon consideration of the evidence and arguments
at the hearing on penalties, and the trial memorandum filed by the
Town, the Court finds and concludes as follows.

The Court found that Defendants had violated the terms and conditions
of their conditional use permit and site plan approval by moving
recyclables outside the buildings after 7 p.m. and before 7 a.m., or at
all on Sundays. The evidence reflected four instances of these
violations between mid-April and mid-June, 1996, and one in January,
1997. The Court found that Defendants had violated the terms and
conditions of their conditional use permit and site plan approval by
storing recyclables outside the bunker, but only later in the injunctive
ruling defined such storage as piles that remain in place for more than

8 days. The evidence reflected that piles of materials were observed outside the bunker in 1995 and 1996, but the Court could only conclude that a pile of tires had been > stored= longer than the time necessary to reach a tractor trailer load. The Court found that Defendants had constructed the bunker to a larger size than approved, but did not order it to be reduced. Rather, the Court required Defendants to have the required noise abatement plan address whether the height or design of the bunker could assist in the noise abatement. The Court found that Defendants had caused noise that created a repeated disturbance to others, between August of 1995 and the date of trial. The evidence reflected a maximum amount of such noise as four out of seven days in every week from November 23, 1995 through February 21, 1997. The Court calculates that period as 455 days, rather than the 466 used by the Town.

The Town requests a fine in the amount of $9,320 at $20 per day for 466 days. Defendants request that the Court deduct from any fines their expenditures of $1,500 to $2,000 for the noise study done in August of 1996, prior to its being required by the Court; plus $3,990 to raise the height of the bunker for noise abatement; $500 to patch the holes in the blacktop for noise abatement; $900 in transportation costs to bring in from another site a smaller loader which emits less noise, and to replace it with a large and noisy loader from this site; and $7,000 spent on paving the entire yard which they characterize as continuing compliance for noise reduction. We take each of the elements in turn.

A fine of $20 per day is a reasonable one under the circumstances of this case, however, over the sustained period of time of 455 days we can only conclude that Defendants were in violation of their permit approximately four out of seven days a week, or 4/7 of the time. Accordingly, before considering whether any expenditures on compliance should be deducted from the penalty amount, the penalty should be calculated as 4/7 of $20 per day times 455 days, or a total of $5,200. Half of the cost of the noise study, in the amount of $875, is the only element which should be set off against that penalty, in recognition that the noise study was begun voluntarily, before it was required by the Court, to develop a plan for correcting the violations.

The Court did not require Defendants to reduce the size of the bunker to bring it into compliance with the original permit, because it was likely that the bunker would need instead to be enlarged and modified to achieve noise abatement. Accordingly, the cost of alterations to the bunker should be set off against any other penalty that would have

been imposed for the construction of the oversized bunker in the first place.

The cost of the paving, whether immediate or longer term, is an expense required of Defendants to operate in compliance with their permits. The fact that they postponed or avoided that cost for a period of time should not allow them to set it off against the penalty when they did put it into effect. Similarly, the switching of the two loaders is a compliance decision made by Defendants to operate in compliance with their permits, and should not be set off against the penalty.

Accordingly, it is hereby ORDERED and ADJUDGED that Defendants shall pay a penalty to the Town in the amount of $4,325. This Decision and Order again closes this case.

Dated at Barre, Vermont, this 31st day of January, 2002.


_____
Merideth Wright
Environmental Judge